UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
DOUGLAS HUMENUIK                                :
                                                :  CASE NO. 1:14-CV-02002
          Plaintiff,                            :
                                                :
v.                                              :  OPINION & ORDER
                                                :  [Resolving Doc. 24]
T-MOBILE USA, INC., ET AL.,                     :
                                                :
          Defendants.                           :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this employment dispute, Plaintiff Douglas Humenuik brings two related claims about being unlawfully terminated from two jobs.

Plaintiff Humenuik initially filed this lawsuit on September 9, 2014.[1] In his original complaint, he alleged that Defendant T-Mobile USA, Inc., illegally fired him because of his age, sex, and exercise of his rights under the Family Medical Leave Act ("FMLA").

After T-Mobile fired him, Plaintiff Humenuik got a new job working at Defendant Wireless U of Ohio, Inc., a dealer of T-Mobile's products. Humenuik began working at Wireless U in early October 2014, less than a month after he had filed suit against T-Mobile. Humenuik says that Kirk Simpkins, a T-Mobile employee, contacted Wireless U and told it "not to retain" Humenuik. As a result, Humenuik says he was forced to resign just weeks after beginning work at Wireless U.

On January 29, 2015, Plaintiff Humenuik filed his Third Amended Complaint, adding a new claim alleging that Defendants T-Mobile, Simpkins, Wireless U, and unknown John Does illegally

---

[1] Doc. 1.

Case No. 1:14-CV-02002
Gwin, J.

retaliated against him by creating conditions at his new employment that forced him to resign from Wireless U.[2]

Plaintiff Humenuik now moves to bifurcate the two causes of action, arguing that they are unrelated claims and that trying them together could cause prejudice to all parties by confusing the issues for the jury.[3]

Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to conduct separate trials of particular issues and claims, "[f]or convenience, to avoid prejudice, or to expedite and economize."[4] The principal purpose of Rule 42(b) "is to enable the trial judge to dispose of a case in a way that advances judicial efficiency and is fair to the parties."[5] "The party moving for bifurcation bears the burden of demonstrating that concerns of judicial economy and prejudice weigh in favor of granting the motion."[6] The ultimate decision to grant or deny bifurcation is left to the sound discretion of the trial court and a decision ordering bifurcation should be grounded in the facts and circumstances of each case.[7] "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion

---

[2] Doc. 22. With this motion, Plaintiff also moves for permission to join Kirk Simpkins and Wireless U as defendants. Plaintiff filed his Second Amended Complaint, adding the claims against Simpkins and Wireless U, within the time specified in the Court's Case Management Order. *See* Doc. 17; Doc. 20. The same day he filed his Second Amended Complaint, Plaintiff moved for leave to file his Third Amended Complaint in order to correct his mistaken omission of Wireless U from the list of "new party defendants" in his Second Amended Complaint. Doc. 21. The Court granted that motion. Because Plaintiff complied with the Court's deadline for amending his complaint, the Court **GRANTS** Plaintiff's motion to join Wireless U and Kirk Simpkins as defendants in this action.

[3] Doc. 24. Defendants T-Mobile and Kirk Simpkins oppose the motion. Doc. 27. Defendant Wireless U has not filed any opposition. Plaintiff has filed a reply. Doc. 49.

[4] Fed. R. Civ. P. 42(b).

[5] *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988).

[6] *Valley Ford Truck, Inc. v. Phoenix Ins. Co.*, No. 1:10-cv-02170, 2011 WL 841177, at *1 (N.D. Ohio Mar. 7, 2011) (citing *Ferro Corp. v. Cont'l Cas. Co.*, No. 1:06-cv-1955, 2008 WL 5705575, at *2–4 (N.D. Ohio Jan. 7, 2008) and *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000)).

[7] *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

Case No. 1:14-CV-02002
Gwin, J.

of the jurors, and the resulting convenience and economy.'"[8/]

As an initial matter, the Court notes that this is an unusual motion. Plaintiff Humenuik chose to bring his two claims together in one action, and now seeks to essentially undo that by asking the Court to bifurcate the claims. Certainly, a Rule 42(b) motion is not available only to a defendant: the plaintiff may also raise issues that would, under appropriate circumstances, justify bifurcation.[9/] This, however, is not such a case.

First and foremost, the Court finds that bifurcation will neither expedite nor economize this case. Plaintiff's two claims form part of the same ongoing narrative and will require a great deal of overlapping evidence, thus suggesting that they can neatly and economically be handled together. If bifurcated, the Court and parties would be faced with two rounds of dispositive briefing, two parallel tracks of discovery, and potentially two trials. And although Plaintiff suggests that it is unfair to make Wireless U sit through the portion of the trial on Plaintiff's first claim, which is only against T-Mobile, that is a minor inconvenience that is likely to be compensated through efficiency gains from consolidation. Therefore, the Court finds that judicial economy weighs heavily against bifurcation.

Similarly, the Court is not persuaded that trying the two causes of action together would prejudice anyone. Plaintiff suggests that the jury may confuse the evidence and issues, which could prejudice both Plaintiff and Wireless U. But the Court presumes that the jury will understand and

---

[8/] *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

[9/] *E.g.*, *Henan Oil Tools, Inc. v. Eng'g Enters., Inc.*, 262 F. Supp. 629, 630 (S.D. Tex. 1966) (granting plaintiff's motion to bifurcate patent infringement claim from antitrust claim, because the plaintiff estimated that the patent claim could be handled in a one or two week trial following three to four months of discovery, but the antitrust claim would require several years of discovery and a trial lasting at least eight weeks).

Case No. 1:14-CV-02002
Gwin, J.

follow its instructions, and will be able to fairly adjudicate each of Plaintiff's claims on its merits. Jurors regularly deal with much more difficult evidence and issues than what will be presented in this case. Plaintiff's concerns of potential prejudice to the parties and confusion of the jury therefore do not justify bifurcating this case.

Because Plaintiff Humenuik fails to meet his burden to demonstrate why his claims should be tried separately, the Court **DENIES** Plaintiff's motion to bifurcate.

IT IS SO ORDERED.


Dated: May 26, 2015                    s/     *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE